USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 9 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWIGHT WELLONS, on behalf of himself and a class of persons similarly situated, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>AMERICAN INTERNATIONAL GROUP, INC. et al., <br><br>　　　　Defendants. | Case No. 08 Civ. 5722 (LTS) |
| KEVIN R. HOFFMAN, on behalf of himself and a class of persons similarly situated, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>AMERICAN INTERNATIONAL GROUP, INC. et al., <br><br>　　　　Defendants. | Case No. 08 Civ. 5725 (LTS) |
| WALTER EARL LEWIS, on behalf of himself and a class of persons similarly situated, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>AMERICAN INTERNATIONAL GROUP, INC. et al., <br><br>　　　　Defendants. | Case No. 08 Civ. 6109 (LTS) |
| MARLENE M. MASS and BARBARA BOYLAN, individually and on behalf of all others similarly situated, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>AMERICAN INTERNATIONAL GROUP, INC. et al., <br><br>　　　　Defendants. | Case No. 08 Civ. 6447 (LTS) |

| | |
|---|---|
| MARK LUDWIG, on behalf of himself and a class of persons similarly situated,<br>  Plaintiff,<br>v.<br>AMERICAN INTERNATIONAL GROUP, INC. et al.,<br>  Defendants. | Case No. 08 Civ. 6979 (LTS) |
| WANDA MIMMS, on behalf of herself and all others similarly situated,<br>  Plaintiff,<br>v.<br>AMERICAN INTERNATIONAL GROUP, INC. et al.,<br>  Defendants. | Case No. 08 Civ. 8003 (LTS) |
| PATRICIA McFARLAN, on behalf of herself and all others similarly situated,<br>  Plaintiff,<br>v.<br>STEPHEN F. BOLLENBACK et al.,<br>  Defendants. | Case No. 08 Civ. 8690 (LTS) |
| THOMAS L. WEST, on behalf of himself and all others similarly situated,<br>  Plaintiff,<br>v.<br>AMERICAN INTERNATIONAL GROUP, INC. et al.,<br>  Defendants. | Case No. 08 Civ. 10264 (LTS) |

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

ORDER CONSOLIDATING CASES

The Court is in receipt of a motion brought by Plaintiffs Dwight Wellons,

Kevin R. Hoffman, Walter Earl Lewis and Mark Ludwig (collectively, "Movants") to

consolidate multiple putative class actions brought against American International Group, Inc. ("AIG") and others, alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), all of which involve common questions of law and fact. None of the parties to the actions that Movants seek to consolidate have submitted an opposition to Movants' application.

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Court may consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). The Court is granted broad discretion in its determination of whether consolidation is appropriate. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

The Court finds that all of the above-captioned actions involve overlapping defendants and present common factual and legal issues, including issues related to class certification. Accordingly, the Court finds that the actions should be consolidated in the interests of judicial economy. Therefore, it is hereby
ORDERED as follows:

### A. CONSOLIDATION

1. The above-captioned actions are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). The consolidated actions governed by this order do not include any actions brought pursuant to the securities laws or any derivative actions. The consolidated actions shall be referred to collectively as In re American International Group, Inc. ERISA Litigation II, Master File No. 08 Civ. 5722 (LTS)(KNF) (the "Consolidated ERISA Action").

2.   No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

### B. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1.   A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them for pretrial purposes. Entries in said Master Docket shall be applicable to the Consolidated ERISA Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2.   (a) When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically or manually file such pleading pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

(b) When a pleading or motion is electronically filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically file such pleading or motion in the Master File only. Docket entries shall not be made to each separate action.

(c) When a pleading or motion is manually filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original pleading or motion for the Master File. No copies shall be submitted for each separate action. Upon receiving the original pleading or motion,

the Clerk shall docket it to the Master File only. Docket entries shall not be made to each separate action.

### C. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Actions. The Master File shall be Civil Action No. 08 Civ. 5722 (LTS)(KNF). The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated ERISA Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated ERISA Actions will receive a Notice of Electronic Filing.

### D. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated ERISA Action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section A above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

(a)   Docket a copy of this Order in the file for newly filed or transferred actions.

(b)   Make an appropriate entry in the Master Docket.

2.   The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

### E. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1.   This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these ERISA actions, so long as AIG is named as a defendant in the action, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

2.   Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

### F. LEAD PLAINTIFFS AND LEAD COUNSEL

1. Plaintiffs Dwight Wellons, Kevin R. Hoffman, Walter Earl Lewis and Mark Ludwig are appointed as Interim Lead Plaintiffs in the Consolidated ERISA Action and in all subsequently filed, related actions consolidated herewith. The Court shall make a final determination regarding the identity of lead plaintiffs/class representatives on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. The Interim Co-Lead Counsel, as identified below, may identify different or additional lead plaintiffs/class representatives at such time as they move for class certification in this litigation.

2. Squitieri & Fearon, LLP, Harwood Feffer LLP, Wolf Popper LLP and Keller Rohrback L.L.P. are appointed as Interim Co-Lead Counsel in the Consolidated ERISA Action and in all subsequently filed, related actions consolidated herewith.

3. Interim Co-Lead Counsel shall have the following authority to perform or delegate the performance of the following matters on behalf of Interim Lead Plaintiffs and the proposed Class in the Consolidated ERISA Action:

    (a) directing, coordinating, and supervising the prosecution of Interim Lead Plaintiffs' and the proposed Class' claims in the Consolidated ERISA Action;

    (b) initiating, responding to, scheduling, briefing, and arguing all motions;

    (c) appearing at all hearings and conferences regarding the case;

    (d) determining the scope, order, and conduct of all discovery proceedings;

    (e) assigning work to plaintiffs' counsel as necessary and appropriate under the circumstances;

    (f) retaining experts;

(g)  communicating with the Court;

(h)  communicating with Defendants' counsel;

(i)  conducting settlement negotiations on behalf of Interim Lead Plaintiffs and the proposed Class;

(j)  collecting and reviewing time and expense records from all plaintiffs' counsel on a monthly basis and at the conclusion of the case, as necessary and appropriate under the circumstances, and submitting a fee and costs application;

(k)  coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation; and

(l)  performing such other duties that may be incidental to proper coordination of Interim Lead Plaintiffs' pretrial activities or authorized by further order of the Court.

## G. CAPTIONS

1.  Every pleading or motion filed in the Consolidated ERISA Action, and in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
IN RE AMERICAN                           :
INTERNATIONAL GROUP, INC.                :
ERISA LITIGATION II                      :            MASTER FILE
                                         :            08 Civ. 5722 (LTS)(KNF)
                                         :
This Document Relates To:                :
                                         :
                                         :
                                         :
                                         :
---------------------------------------- x

2.  When a pleading or motion is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading or motion is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

## H. DISCOVERY AND FURTHER PROCEEDINGS

1.  All discovery taken in the Consolidated ERISA Action will apply to any subsequently filed and consolidated action and the parties will not be required to repeat discovery already undertaken in the Consolidated ERISA Action.

2.  Further proceedings in these consolidated actions will be conducted in accordance with applicable orders, federal and local court procedural rules and the Individual Practices Rules of the undersigned, including Rule 2.B. thereof.

This Order resolves docket entry no. 12 in case no. 08 civ. 5722.

SO ORDERED.

Dated: New York, New York
       March 19, 2009

/s/ LAURA TAYLOR SWAIN
United States District Judge