UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. ERISA LITIGATION II<br><br>This Document Relates To:<br>All Actions | MASTER FILE<br>08 Civ. 5722 (LTS)(KNF) |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
(212) 310-8007 (fax)

*Attorneys for Defendants AIG Inc., Retirement Board, Investment Committee, and Director Edmund S.W. Tse*

US_ACTIVE:\43293449\08\14430.0050

Defendants American International Group, Inc., Edmund S.W. Tse, Richard A. Grosiak, Joseph Cella, John Q. Doyle, Nicholas Tyler, Robert Thomas, Kathleen Shannon, Robert Cole, Gary Reddick, Howard Greene, Dave Fields, Georgia Fiegel, Anthony Galioto, David Junius, Charles Schader, Stephen Schoepke, Edward Bacon, and Thomas Wright (collectively, "Defendants"), respectfully submit this Memorandum of Law in Support of Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority.

## ARGUMENT

On January 26, 2010, about one week after briefing closed on Defendants' Motion to Dismiss the Consolidated Amended Complaint, Plaintiffs filed a purported "Notice of Supplemental Authority" (Doc. No. 59), attaching a 30-page amicus curiae brief filed by the Department of Labor (the "DOL") in a different case, *In re Citigroup ERISA Litig*.

Although Plaintiffs style their filing a "Notice of Supplemental Authority," that is a misnomer. Fed. R. App. P. 28(j) – that contemplates the filing of supplemental authorities, and to which District Courts have thus looked for guidance[1] – provides that if "pertinent and significant authorities come to a party's attention after the party's brief has been filed," that "party may promptly advise" the court by letter, "setting forth the citations." By requiring the setting forth of citations, Fed. R. App. P. 28(j) contemplates that the "pertinent and significant" new "authorities" are new cases, statutes, or regulations. But Plaintiffs' filing contains none of these. Rather, the DOL's amicus brief in the *Citigroup* case is legal argument proffered in a different case, to persuade a different court how to rule, and thus carries no precedential value for this Court. It is not new "authority" that this Court can or should consider, and it is an improper

---

[1] *See Ormond v. Anthem, Inc.*, 2008 WL 906157, at *1, n.2 (S.D. Ind. Mar. 31, 2008) (analyzing notice of supplemental authority under criteria set forth in Fed. R. App. P. 28(j)).

attempt by Plaintiffs to have the "last word" on the pending Motion to Dismiss.[2]

Plaintiffs also err in arguing that the DOL's brief in the *Citigroup* case "is entitled to deference by this Court." (Pls. Notice at 2). Plaintiffs cite cases for the unremarkable – and irrelevant – proposition that deference is owed to an agency's interpretation of its own regulations. (*Id.* at 2, n.1). Yet, the DOL's amicus brief does not interpret any DOL regulations. Rather, the DOL's brief overwhelmingly interprets *case law*.[3] The DOL's brief is *argument*, not supplemental legal authority. *See Dent v. Giaimo*, No. 9:08-cv-81191, Order Granting Motion to Strike, Doc. No. 40 (S.D. Fla. Feb. 6, 2009) (when plaintiff submitted DOL amicus brief as "supplemental authority," granting motion to strike because the DOL's brief did not constitute "an interpretation of its regulations," but "the agency's argument encouraging a Court to adopt a particular interpretation of the law)[4]; *see also Ames v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 567 F.2d 1174, 1177 n. 3 (2d Cir. 1977) (amicus brief by Commodity Futures Trading Commission did not constitute an "interpretation" of a regulation so as to be entitled to judicial deference, and "an *amicus curiae* is no more a witness than any other advocate").[5]

---

[2] In sharp contrast to Plaintiffs' improper Notice of Supplemental Authority, the decision by Judge Kaplan of this Court, dated February 2, 2010, in *In re Lehman Brothers Securities & ERISA Litig.*, --- F. Supp. 2d ----, 2010 WL 354937 (S.D.N.Y. Feb. 2, 2010), is a proper subject of a notice of supplemental authority. Accordingly, Defendants have filed a Notice of Supplemental Authority, citing Judge Kaplan's opinion, contemporaneously with this motion.

[3] The Table of Authorities in the DOL's brief shows that while the brief cites a total of 75 cases, it cites only one regulation: 29 C.F.R. § 2509.75-8. This regulation is cited only once in the DOL's 30-page brief in a "see generally" cite, without any discussion or interpretation. (*See* Brief of Amicus Curiae Hilda L. Solis, Secretary of the United States Department of Labor in Support of Appellant Requesting Reversal, at 8).

[4] A copy of the court's order in *Dent* is attached as Exhibit A to the accompanying Declaration of A. Millie Warner in Support of Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority, dated February 5, 2010.

[5] Even assuming, *arguendo*, that the DOL's brief contained an interpretation of the agency's regulations, it is far from clear that deference would be owed. As the Second Circuit explained in *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 222 n.8 (2d Cir. 2006) – a case relied upon by Plaintiffs (Pls. Mem. at 2, n. 1) – the Supreme Court's decision in *Auer v. Robbins*, 519 U.S.

Nor did Plaintiffs – by delaying until January 26 – "promptly advise" this Court of the DOL's brief.  The DOL's brief was filed in the *Citigroup* appeal on December 28, 2009, nearly one month before Plaintiffs filed it in this case and three weeks before Defendants' reply memorandum was due.  Furthermore, Plaintiffs' counsel here are counsel to plaintiffs in the *Citigroup* case and they therefore received the DOL's amicus brief when it was filed.  The only reason for Plaintiffs' delay appears to be to secure strategic advantage because this Court's rules and scheduling order prevent Defendants from replying to the DOL's brief.

In short, Plaintiffs' purported Notice of Supplemental Authority is an unauthorized surreply.  *See, e.g.*, *Ormond*, 2008 WL 906157, at *1 n.2 (construing improper notice of supplemental authority as "in substance an unauthorized surreply brief"); *General Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 752, n.1 (W.D. Ky. 2001) (striking notice of supplemental authority as improper surreply).  Surreplies are not permitted, except by specific leave of court, which Plaintiffs failed to seek.  *See* Local Civil Rule 6.1(b); Individual Practices of Judge Laura Taylor Swain, Rule 2(F).[6]  Plaintiffs' Notice of Supplemental Authority should

---

452 (1997), to defer to an agency's interpretation of its regulation advanced in a brief "was seemingly undercut by *Christensen v. Harris County*, 529 U.S. 576 (2000), which held that many forms of agency interpretations that lack the force of law do not merit *Chevron* deference." (citing *Keys v. Barnhart*, 347 F.3d 990, 993-94 (7th Cir. 2003) ("Briefs, certainly, don't have the 'force of law.'")).  In *Kodak*, the Second Circuit declined to rule on "what quantum of deference is owed to resolve this case," for the DOL's interpretation "should be accepted, in any event, because it is persuasive . . . [and] the alternative explanation would produce senseless results." 452 F.3d at 222 n.8 (internal citation omitted).  In this case, it would be particularly inappropriate for this Court to defer to the DOL's views expressed in its amicus brief in the *Citigroup* case, because the Court of Appeals will decide the very issues raised by the DOL, and it is the Second Circuit's decision, not the DOL's brief, that will be binding on this Court.  Indeed, the most efficient course of action for this Court to take in light of the *Citigroup* appeal may be to defer ruling on Defendants' Motion to Dismiss until the Second Circuit has ruled.

[6] *See also E.T.I. Euro Telecom Int'l N.V. v. Republic of Boliva*, 2008 U.S. Dist. LEXIS 67217, at *2-3, n.2 (S.D.N.Y. Sept. 4, 2008) (Swain, J.) (disregarding defendant's "response" as essentially an unauthorized surreply, filed in contravention of Individual Practices Rule 2(F), and denying belated request for permission to file surreply, as "Rule 1(A) of the undersigned's Individual Practices Rules is in place precisely to avoid the unnecessary back-and-forth that has transpired as a result of the [defendant's] counsel's failure to adhere to the Individual Practices Rules.").

be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Notice of Supplemental Authority should be stricken, or, in the alternative, Defendants should be afforded the opportunity to respond to the merits of Plaintiffs' Notice of Supplemental Authority in a brief of equal length to the DOL's brief.

Dated:   New York, New York
         February 5, 2010

                                          Respectfully submitted,


                                          /s/ Joseph S. Allerhand
                                          Joseph S. Allerhand
                                          Nicholas J. Pappas
                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          (212) 310-8000

                                          *Attorneys for Defendants AIG Inc., Retirement Board, Investment Committee, and Director Edmund S.W. Tse*