UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMERICAN INTERNATIONAL GROUP, INC. ERISA LITIGATION II<br><br>This Document Relates To:<br>All Actions | MASTER FILE<br>08 Civ. 5722 (LTS)(KNF) |

___

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**
___

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
(212) 310-8007 (fax)

*Attorneys for Defendants AIG Inc., Retirement Board, Investment Committee, and Director Edmund S.W. Tse*

Defendants American International Group, Inc., Edmund S.W. Tse, Richard A. Grosiak, Joseph Cella, John Q. Doyle, Nicholas Tyler, Robert Thomas, Kathleen Shannon, Robert Cole, Gary Reddick, Howard Greene, Dave Fields, Georgia Fiegel, Anthony Galioto, David Junius, Charles Schader, Stephen Schoepke, Edward Bacon, and Thomas Wright (collectively, "Defendants"), respectfully submit this Reply Memorandum of Law in Support of Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority.

## ARGUMENT

Although Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority ("Opposition") strains mightily to invest the Department of Labor's ("DOL") amicus brief in the *Citigroup* case with a level of gravitas and authority beyond that of an ordinary legal brief, the Opposition fails to do so.  In their opening brief in support of the Motion to Strike ("Opening Brief"), Defendants pointed out that the DOL amicus brief does not interpret DOL regulations or provide any other basis to be accorded deference.[1]  In their Opposition, Plaintiffs do not (and, indeed, cannot), dispute that the DOL amicus brief does nothing more than make arguments regarding how case law should be interpreted.  Instead, Plaintiffs attempt to evade this dispositive threshold issue and launch into an irrelevant discussion of the proper standard of deference given to governmental agencies when they interpret their own regulations.[2]  In doing so, Plaintiffs ignore the authorities arrayed against them.  The United States Supreme Court has held that when an agency does nothing but interpret

---

[1] As Defendants noted in the Opening Brief, the Table of Authorities in the DOL's amicus brief cites a total of 75 cases and only one regulation, and it mentions that one regulation only in passing without any discussion or interpretation.

[2] That discussion includes their citing, at pages 2-3 of the Opposition, several cases addressing that irrelevant legal issue.  Although as part of that discussion Plaintiffs try to minimize Defendants' reliance on *Eastman Kodak Co. v. STWB, Inc.*, they cannot dispute that the Second Circuit in that case observed that "many forms of agency interpretations that lack the force of law do not merit *Chevron* deference."  452 F.3d 215, 222 n.8 (2d Cir. 2006).

case law, it is entitled to no deference whatsoever.  *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 643 n.11 (2007) ("[a]gencies have no special claim to deference in their interpretation of our decisions")[3]; *Reno v. Bossier Parish Sch. Bd.*, 528 U.S. 320, 336 n.5 (2000) ("no deference" owed to Department of Justice position based on interpretation of case law). That is why the Federal District Court for the Southern District of Florida, in a situation nearly identical to this one, granted a motion to strike a DOL amicus brief because it did not constitute "an interpretation of its regulations," but "the agency's argument encouraging a Court to adopt a particular interpretation of the law."  *See Dent v. Giaimo*, No. 9:08-cv-81191, Order Granting Motion to Strike, Doc. No. 40 (S.D. Fla. Feb. 6, 2009).[4]

Furthermore, the DOL's amicus brief does not qualify as a "pertinent and significant authorit[y]" as required by Federal Rule of Appellate Procedure 28(j), which other District Courts have relied on in granting motions to strike improper submissions of supplemental authority because it specifically addresses the filing of those authorities.  *See Ormand v. Anthem, Inc.*, 2008 WL 906157, at *1, n.2 (S.D. Ind. Mar. 31, 2008) (granting motion to strike notice of supplemental authority under the criteria set forth in Fed. R. App. P. 28(j)).[5]  Moreover, contrary to Plaintiffs' argument, Rule 28(j)'s requiring of "citations" to "pertinent and significant

---

[3] The *Ledbetter* decision was abrogated, on grounds unrelated to the point for which the decision is cited here, by "The Lilly Ledbetter Fair Pay Act of 2009," Pub. L. No. 111-2, Jan. 29, 2009, 123 Stat 5.

[4] A copy of the court's order in *Dent* is attached as Exhibit A to the Declaration of A. Millie Warner in support of Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority, dated February 5, 2010.

[5] Plaintiffs attempt to distinguish *Ormand* by pointing out that the supplemental authorities filed in that case were struck because the filing exceeded 350 words (the limit under Rule 28(j)), and here Plaintiffs' filing is under 300 words.  But Plaintiffs do not dispute that the *Ormand* court properly applied Federal Rule of Appellate Procedure 28(j), and therefore they effectively acknowledge that it is appropriate for the Court to apply that Rule in this case.

authorities," shows that those authorities must be citable, like a case, statute, or regulation.[6]

Plaintiffs' argument that the Motion to Strike should be denied because Defendants "make no effort to satisfy" Federal Rule of Civil Procedure 12(f) also lacks merit.  Defendants did not invoke Rule 12(f) because that rule applies only to motions to strike matters contained in a pleading.  *See* 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1380 at 390 (3d ed. 2009) (explaining that the purpose of Rule 12(f) is to allow a party or the court to strike "redundant, immaterial, impertinent, or scandalous matter in any pleading").  Instead, Defendants' Motion to Strike is based on the Court's inherent power to control its own docket. *See id.* § 1360 at 77 ("another group of pretrial motions is closely related to the management of the lawsuit and might be characterized in general terms as involving matters of judicial administration; the authority to hear these motions lies in the inherent power of a court to regulate actions pending before it").  Courts throughout the country have regularly granted motions to strike improper filings (such as improper supplemental authorities or improper surreplies), to control their own dockets.  *See Dent v. Giaimo, supra* (striking improper supplemental authorities); *Ormand*, 2008 WL 906157, at *1, n.2 (striking improper supplemental authorities); *Gen. Elec. Co. v. Latin Am. Imports, S.A.,* 187 F. Supp. 2d 749, 752 n.1 (W.D. Ky. 2001) (striking notice of supplemental authority as improper surreply); *E.T.I. Euro Telecom Int'l N.V. v. Republic of Boliva*, 2008 WL 4129987, at *1 n.2 (S.D.N.Y. Sept. 4, 2008) (Swain, J.) ("disregard[ing]" improper surreply); *Pirnie v. Key Energy Servs., LLC*, 2009 WL 1386997 (D. Colo. May 15, 2009) (striking improper surreply); *Lust v. Dedicated Res., Inc.*, 2004 WL

---

[6] While, for the reasons discussed *supra*, the DOL amicus brief filed in the *Citigroup* matter should have no bearing on this Court's review of Defendants' Motion to Dismiss, a ruling by the Second Circuit on the issues briefed therein may of course be highly relevant.  Accordingly, as Defendants stated in their Opening Brief, the most efficient course of action for this Court to take may be to defer ruling on the Motion to Dismiss until after the Second Circuit rules in *Citigroup*.

5483695 (S.D. Fla. Oct. 14, 2004) (striking improper surreply).

In the final analysis, Plaintiffs' Notice of Supplemental Authority is nothing more than an improper surreply. Plaintiffs' notice does nothing but make legal arguments – arguments they could have made in their opposition to the Motion to Dismiss. By instead making these arguments *after* Defendants filed their reply brief, Plaintiffs violated this Court's Scheduling Order on that Motion, which did not provide for a surreply. Moreover, as was pointed out in the Opening Brief, they also violated this Court's Individual Rules, not to mention the Federal Rules of Civil Procedure and the Local Rules of this District Court. *See* Opening Brief at 3.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Opening Brief, Plaintiffs' Notice of Supplemental Authority should be stricken, or, in the alternative, Defendants should be afforded the opportunity to respond to the merits of Plaintiffs' Notice of Supplemental Authority in a brief of equal length to the DOL's amicus brief (relief that Plaintiffs have not opposed). Alternatively, in the interests of judicial efficiency, the Court should defer ruling on this Motion and on the underlying Motion to Dismiss until after the Second Circuit issues its decision in *Citigroup*.

Dated:   New York, New York
         March 1, 2010

                                        Respectfully submitted,

                                        /s/ Joseph S. Allerhand
                                        Joseph S. Allerhand
                                        Nicholas J. Pappas
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        (212) 310-8000

*Attorneys for Defendants AIG Inc., Retirement Board, Investment Committee, and Director Edmund S.W. Tse*