Case 1:08-cv-05722-LTS-DCF   Document 244   Filed 05/01/15   Page 1 of 2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-1-2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE AMERICAN INTERNATIONAL GROUP,
INC., ERISA LITIGATION

                                                            Master File No. 08CV5722-LTS-DCF

THIS DOCUMENT RELATES TO:
    All Actions

-------------------------------------------------------x

## ORDER

        The Court has reviewed Plaintiffs' Motion for Preliminary Approval of the proposed settlement and related relief in the captioned action. The parties' counsel are directed to appear for a conference on **Tuesday, May 5, 2015, at 2:00 p.m. in Courtroom 12D** to discuss the following:

1. Revision of the supporting memorandum of law and declaration to explain (a) whether the provision for fee award funding for Plaintiffs' counsel was negotiated separately, (b) how the potential for fee-shifting pursuant to 29 U.S.C. § 1132(g) was considered (i) in determining the amount of the settlement and the fee award funding mechanism and (ii) in proposing as fair an application by Plaintiffs' counsel for a fee award of up to one-third of the Settlement Fund, and (c) to revise the percentage recovery figures set forth at page 15 of Plaintiffs' Memorandum of law to reflect the proposed net class recovery amount as a percentage of the maximum and likely damage recovery figures.

2. Revision of the supporting memorandum of law and declaration to explain the factual basis for the proposed case contribution awards to the Named Plaintiffs.

3. Explanation of whether section 8.2 of the Settlement Agreement, which does not cross-reference sections 10.1 and 10.3 of the Settlement Agreement, accurately defines "Net Proceeds."

4. Whether clause (c) of the introductory paragraph of section 5 of the proposed preliminary approval order includes duplicative references to "attorneys' fees and expenses" and "out-of-pocket expenses."

5. Whether the procedure for filing objections is overly complex and should be streamlined by, for instance, requiring the written objection to be filed with the Court and delivered to Plaintiffs' counsel, with Plaintiff's counsel being responsible for distributing copies to all other interested parties and Chambers.

6. To the extent the objection procedure requires more than the filing of the objection with the Court, whether the short form notice should be revised to flag explicitly the existence

PRELIMHEARING.WPD        VERSION 5/1/15        1

of further requirements.

7. The addition of a procedure for filing a compilation of all objections and requests to speak in advance of the Fairness Hearing, in conjunction with the filing of the reply brief.

8. The addition of seven days to each of the pre-Fairness Hearing submission deadlines, to facilitate full review and consideration by the Court.

    SO ORDERED.

Dated: New York, New York
       May 1, 2015

/s/ LAURA TAYLOR SWAIN
LAURA TAYLOR SWAIN
United States District Judge